## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENTON CHARLES MASLEN,<br><br>Defendant. | CR 25-86-BLG-WWM<br><br><br>ORDER DENYING REVOCATION OR AMENDMENT OF DETENTION ORDER |

Defendant Kenton Charles Maslen ("Maslen") seeks revocation or amendment of his existing detention order. On November 25, 2025, he moved for an evidentiary hearing, which the Court convened on December 22nd. In his motion, Maslen recounted health issues encountered during his pre-trial detention and noted that he would offer testimony on employment and living arrangements if released.

Background

On July 17, 2025, Maslen was indicted by a federal grand jury for an alleged violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm and ammunition. (Doc. 2). He was arrested on August 21, 2025, in Idaho, pursuant to a federal warrant. He appeared before United States Magistrate Judge Debora K. Grasham in the District of Idaho for a detention hearing. (Doc. 6). Judge Grasham

determined that no condition or combination of conditions of release reasonably

assured Malen's appearance as required by a preponderance of the evidence.

(Doc. 6 at 16).  Judge Grasham cited the following reasons supporting this finding:

(1) weight of evidence against Maslen is strong; (2) lack of significant family or

other ties to the community; (3) lack of stable residence; (4) lack of stable

employment; (5) history of alcohol or substance abuse; (6) prior criminal history;

(7) prior violations of probation, parole, or supervised release; (8) he was on

probation, parole, or release pending trial, sentence appeal, or completion of the

sentence at the time of the alleged offense; and (9) his participation in criminal

activity while on probation, parole, or supervision.  (Doc. 6 at 16).

Maslen was transported to Billings for his arraignment on October 9, 2025,

and then to the detention facility in Big Horn County, Wyoming, pending trial.

(Doc. 21 at 2).  Following a medical event that required hospitalization, he was

transferred to the Yellowstone County Detention Center, where he is currently

incarcerated.  (Doc. 21 at 2).

Maslen moved to reopen his detention hearing in the District of Montana

pursuant to 18 U.S.C. § 3142(f)(2), maintaining that he obtained evidence that has

a material bearing on the issue of detention that was not previously available.

(Doc. 15 at 2).  Judge Cavan denied this motion, reasoning that in order to reopen a

detention order under 18 U.S.C. § 3142(f)(2) he must do so before Judge Grasham

in Idaho.  (*Id.* at 2-3).  Judge Cavan noted that Maslen could move the undersigned to revoke or amend the detention order pursuant to 18 U.S.C. § 3145(b).  (*Id.* at 3).  Thus, pursuant to 18 U.S.C. § 3145(b), Maslen filed a new motion, requesting the Court revoke or amend the previous detention order—rather than reopen it—and further requested the Court conduct an evidentiary hearing on the matter.  (Doc. 21 at 4).

Analysis

In reaching its conclusion on whether to grant the motion, the Court relies on a number of facts, including, facts outside the record by judicial notice pursuant to Fed. R. Evid. 201.  On March 17, 2023, Maslen was sentenced to a deferred sentence of six years for felony theft in Yellowstone County District Court. Judgment at 1, *State v. Maslen*, DC 22-0312 (Mont. March 17, 2023).  As part of his deferred sentence, Maslen was ordered to obtain written approval before leaving his assigned district or changing his residence.  *Id.* at 2.  He was additionally prohibited from using, owning, or controlling any firearms, ammunition, alcoholic beverages, or illegal drugs.  *Id.*  On April 19, 2024, during a search of his residence, law enforcement seized a number of firearms, ammunition, methamphetamine, and drug paraphernalia.  Report of Violation, *State v. Maslen*, DC 22-0312 (Mont. April 25, 2024).  The Indictment in this case appears to be a result of this search.  On February 2, 2025, Maslen failed to report to state

probation as scheduled. Report of Violation, *State of Montana v. Maslen*, DC 22-0312 (Mont. March 6, 2025). On February 27, 2025, state probation officers attempted a home visit and learned that he had been evicted from his residence. *Id.* Maslen was arrested in Idaho on the instant offense.

At the evidentiary hearing (Doc. 25), Maslen presented testimony from Gilbert Burdett, who has employed him. Mr. Burdett has additional work for Maslen to perform. He testified that he would be willing to help Maslen pay any bond and would make a report to the United States Probation Office if he witnessed any violations of the conditions of release. Maslen called no additional witnesses. Medical records from the period of Maslen's pre-trial detention were admitted as Exhibit 1. The Government presented testimony from Special Agent Kirby Fanus from the Bureau of Alcohol, Tobacco, Firearms and Explosives, who described the circumstances of the search that resulted in the seizure of firearms and ammunition and the fruits of the search.

For the following reasons, the Court denies Maslen's motion.

Standard of Review

The Court reviews a magistrate's pretrial detention order *de novo* on a motion to revoke or amend. *See United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992) ("When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make

4

an independent determination of the proper pretrial detention or conditions for release."); *United States v. Smith*, 87 F.R.D. 693 (E.D. Cal. 1980), *aff'd*, 734 F.2d 22 (9th Cir. 1984).

Discussion

In determining whether a defendant should be detained pending trial, the Court considers whether any "condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).

The Court takes into consideration the following factors: (1) the nature and circumstances of the offense, including whether it involves a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including their "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;" and whether the defendant was on probation, parole, or pretrial release at the time of the current offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *Id.* § 3142(g).

## I.      Nature and Circumstances of the Offense

Maslen is charged in the present case with being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1). (Doc. 2). Because the nature of the offense involves firearms, this factor weighs in favor of detaining Maslen pending trial.

## II.      Weight of the Evidence

Pursuant to a search warrant, law enforcement seized 6 firearms and 948 rounds of ammunition. Furthermore, Maslen has been convicted of a felony. The Indictment reflects the government's position that this status precludes Maslen from possessing firearms or ammunition. Through the testimony of Agent Fanus, this factor weighs in favor of detaining Maslen pending trial.

## III.      History and Characteristics

Through Mr. Burdett, Maslen presented evidence that if released, he will be employed, and his employer will monitor and report any violations of a condition of release if he were to witness it. Maslen's counsel further represented that the Defendant would have a stable residence with his fiancée in Roberts, Montana, although there was no testimony on this point. Lastly, Maslen's counsel argued that his physical condition undercuts his risk of flight or danger to the community.

These points are insufficient to overcome the other, more numerous, circumstances that weigh against release. Maslen has a significant criminal

history.  Additionally, at the time of his arrest, he was on state probation.  The

conduct alleged in the indictment constitutes three probation violations:  (1) by

acquiring firearms and ammunition; (2) by surrounding himself with illegal

substances and paraphernalia; and (3) by absconding to Idaho.  The record suggests

that Maslen violated his state probation terms and then left Montana.  This is

significant to the Court because it demonstrates his unwillingness to comply with

the conditions of supervision imposed by the court.  This history suggests a

significant risk of non-compliance if he is released pending trial in this matter.

Finally, the medical information in evidence does not substantiate a lack of

adequate care for Maslen in detention.  Maslen's history and characteristics weigh

in favor of detention pending trial.

### IV.    Nature and Seriousness of the Danger to the Community

Lastly, firearm offenses, by their nature, represent a notable threat to

community safety.  This factor too weighs in favor of detention pending trial.

Conclusion

In light of the foregoing, the Court finds that there is no condition or

combination of conditions that would reasonably assure Maslen's appearance as

required.  This determination is primarily compelled by Maslen's history of non-

compliance with state probation conditions and his decision to abscond to Idaho.

Such conduct demonstrates disregard for judicial oversight and strongly suggests that court-ordered conditions are insufficient to mitigate the risk of flight.

Accordingly, **IT IS HEREBY ORDERED** that Maslen's Motion to Revoke or Amend the Detention Order is **DENIED**.

The Clerk of Court is directed to notify the parties of the making of this order.

DATED this 24th day of December, 2025.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE